874

## KITCHENS v. WILFORD.

Court of Appeals of Kentucky.
March 13, 1951.

Joe S. Garman, Bowling Green, for appellant.

Jo T. Orendorf, Bowling Green, for appellee.

MILLIKEN, Justice.

This is an appeal from a judgment for the defendant, Mrs. Jane Wilford, in a suit for $909.04 for lumber and material furnished by Hugh Kitchens, doing business as Kitchens Lumber Company, at her instance and request during the year 1946. The ground urged for reversal of the judgment is that the verdict is contrary to the evidence.

In 1946 Mrs. Wilford built a house for sale on the open market and, through the foreman who supervised the construction, purchased materials from Kitchens Lumber Company and other suppliers. In her answer to the petition she pleaded that the bill had been paid in full.

Mr. Kitchens sold his business shortly after the work on Mrs. Wilford's house had been completed, and it was not until October, 1949, that he filed his petition against her on the alleged balance due on the account. Mr. Kitchens stated that he received no payment, that the account had been charged to the foreman who, at the time, was supervising the construction of other houses. Mr. Kitchens said that he had to locate the foreman who had moved to another city before he could make sure what supplies were chargeable to the construction of Mrs. Wilford's house. His bookkeeper testified that shortly after the construction of the house Mrs. Wilford had telephoned to ascertain the balance due, and that she told her she was unable to give her the balance at the time but she would send it to her. She testified that the entries in the appellant's ledger were made by her and were correct so far as she knew. Mrs. Wilford's foreman stated that Mr. Kitchens had come to him about the account in order to allocate the materials charged to him to the proper jobs, and that he had lost his own book and could be of little help. He testified that Mrs. Wilford paid him promptly at the end of each week, and that he recalled her telling him that she had called the Lumber Company to find out about her bill and asked him when she got it, "What do you think about it?" and that he said: "Well, Miss Jane, it does seem high, but remember lumber is awful high." He also testified that he remembered Mrs. Wilford calling the Lumber Company at the time the job was completed to ascertain what balance she owed, and that he saw her pick up her check book at that time and write a check, but that he did not see to whom it was payable or for what amount it was drawn. He also stated that he remembered Mrs. Wilford's daughter taking the check and driving off with it. The daughter later testified that she took a check to Mr. Kitchens' office at the Lumber Company for her mother on that occasion, but that she didn't notice the amount of the check.

Mrs. Wilford had destroyed all checks about two years after the completion of the work, but she went to her bank and ascertained that she had drawn two checks, one for $511 which was cleared in May, 1946, and another for $249.31 which cleared in August, 1946. The bank records did not reveal to whom these checks were paid. When asked if she knew to whom the latter check particularly had been delivered, she replied that it was to Kitchens Lumber Company and that it was delivered by her daughter and was marked "Account in Full." She stated that after that last pay-

ment in August, 1946, she heard nothing more from the Lumber Company until its attorney called her some time in the early fall of 1949 after she had destroyed her checks.

We have not attempted to state the evidence here in detail, for we believe it is obvious that the evidence described was sufficient to sustain the verdict for Mrs. Wilford and presented merely a question of credibility for the jury to decide. There being no other ground urged for reversal, the judgment is affirmed.